### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **CLETIS B. GOODMAN,** | ) | |
| | ) | |
| Plaintiff, | ) | 8:12CV202 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **STATE OF NEBRASKA,** | ) | |
| **SEWARD COUNTY, NEBRASKA,** | ) | |
| **SEWARD COUNTY SHERIFF'S** | ) | |
| **DEPARTMENT, and** | ) | |
| **JENNIFER STEHLICK LADMAN,** | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the defendants' Objection to Complaint (Filing No. 11) and Motion to Move Trial Location (Filing No. 12). The defendants did not file briefs or evidence in support of either motion. The plaintiff did not respond to either motion.

The plaintiff filed a complaint on June 12, 2012, alleging his constitutional rights were violated when the defendants seized his semi-truck and trailer on March 15, 2009, and later sold the property without the plaintiff's authority. See Filing No. 1. The plaintiff made a demand for jury trial and captioned the complaint "for the Eastern District of Nebraska." *Id.* Although Nebraska does not have an Eastern district, the plaintiff filed the complaint in the Omaha division. *Id.*; 28 U.S.C. § 107; NECivR 40.1.

On October 19, 2012, the defendants filed a motion for an extension of time to answer and the two motions at issue here. See Filing No. 10. In the Objection to Complaint, the defendant argues the plaintiff's complaint fails to comply with Fed. R. Civ. P. 10(b), which provides, "[a] party must state its claims . . . in numbered paragraphs." *Id.* The defendants contend the plaintiff's failure to comply with the rule makes any response of future reference to the complaint more difficult and potentially confusing. *Id.* Accordingly, the defendants seek an order requiring the plaintiff to file an amended complaint in compliance with Rule 10. *Id.*

"A request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1). The defendants' objection fails to comply with Rule 7. Moreover, the defendants failed to

comply with the local rules with regard to motion practice. NECivR 7.0.1. If, as it appears, the defendants seek to have the court strike or dismiss the current complaint by way of requiring the plaintiff to amend, the defendants have until November 21, 2012, to file a motion under Rule 12. In any event, the defendants are at liberty, and generally encouraged, to confer with the plaintiff's counsel about any perceived deficiency in order to resolve the matter without court involvement. **See generally** Fed. R. Civ. P. 11, 15, and 37; NECivR 7.0.1 and 15.1. Specifically, the plaintiff is permitted to amend the complaint with the written consent of the opposing party. Fed. R. Civ. P. 15(a)(2). Under the present circumstances, the court will not require the plaintiff to file an amended complaint. The complaint is four pages long, not complex, and the plaintiff is well within time to amend. Accordingly, the defendants' objection is overruled.

The defendants' motion to move the location of the place of trial states, in its entirety,

> [The defendants] move this Court, pursuant to NECivR 40.1(b), to calendar the case for trial in Lincoln, Nebraska, rather than in Omaha, Nebraska as requested by the Plaintiff in the initial pleading. The Defendants aver that the convenience of the litigants, witnesses, and counsel, will be better served and the costs of this action reduced by holding trial in Lincoln, Nebraska, due to the fact that the majority of fact witnesses are located in Seward, Nebraska.

**See** Filing No. 12.

The defendants fail to provide a supporting brief, despite the fact the issue raises a substantive issue of law. **See** NECivR 7.0.1(a)(1). Additionally, the defendants fail to file an index of evidence, despite the motion requiring "the court to consider . . . factual matters not stated in the pleadings." **See** NECivR 7.0.1(a)(2). Failure to comply with the local rules a party may be considered to have abandoned that party's position. **See** NECivR 7.0.1(a). Under the present circumstances, the court does not have sufficient information to grant or deny the defendants' motion and the motion is deemed abandoned.

Each defendant has until the time of filing an answer to elect a place of trial. NECivR 40.1(b); Fed. R. Civ. P. 7(a). Accordingly, the defendants in this case have at least until November 21, 2012, to elect a location for trial. Preferably, the parties will confer

in order to minimize the court's unnecessary involvement. Absent filing a stipulation to change the place of trial, the defendants may file a properly supported motion to change the place of trial.

**IT IS ORDERED:**

1. The defendants' Objection to Complaint (Filing No. 11) is overruled.

2. The defendants' Motion to Move Trial Location (Filing No. 12) is deemed abandoned and denied, without prejudice.

DATED this 12th day of November, 2012.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.