## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CLETIS B. GOODMAN, | ) | |
| | ) | |
| Plaintiff, | ) | 8:12CV202 |
| | ) | |
| vs. | ) | FINDINGS AND |
| | ) | RECOMMENDATION |
| STATE OF NEBRASKA, | ) | |
| SEWARD COUNTY, NEBRASKA, | ) | |
| SEWARD COUNTY SHERIFF'S | ) | |
| DEPARTMENT, and | ) | |
| JENNIFER STEHLICK LADMAN, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the undersigned magistrate judge *sua sponte*. On December 27, 2012, the undersigned magistrate judge entered an order requiring the plaintiff to show cause why his action against the defendants should not be dismissed pursuant to NECivR 41.2. See Filing No. 19. For the reasons set forth below, the undersigned magistrate judge will recommend the plaintiff's Complaint as against the defendants be dismissed without prejudice.

### BACKGROUND

In this case the complaint was filed on June 12, 2012. See Filing No. 1. The plaintiff sought summonses in September and October, 2012, serving the defendants, except for the State of Nebraska, on October 1, 2012. No evidence exists in the record indicating the plaintiff has served the State of Nebraska. On November 14, 2012, the plaintiff stipulated with the defendants Seward County, Nebraska; Seward County Sheriff's Department; and Jennifer Stehlick Ladman to amend the complaint. See Filing No. 15. The court gave the plaintiff until December 3, 2012, to file the amended complaint. See Filing No. 16. On December 3, 2012, the parties again stipulated to an extension of time to amend. See Filing No. 17. The court gave the plaintiff until December 5, 2012, as requested, to file the amended complaint. See Filing No. 18. The court gave the defendants Seward County, Nebraska; Seward County Sheriff's Department; and Jennifer Stehlick Ladman until

fourteen days after the amended complaint was filed to file their answers. The plaintiff has not filed an amended complaint.

On December 27, 2012, the undersigned magistrate judge entered an order requiring the plaintiff to show cause why his action against the defendants should not be dismissed pursuant to NECivR 41.2. **See** Filing No. 19. On January 4, 2013, counsel for the plaintiff filed a Notice of Temporary Suspension. **See** Filing No. 22. The plaintiff's counsel notifies "the Court of the temporary suspension of his license to practice law." *Id.* The record also reflects the plaintiff's counsel's license to practice law in the State of Iowa was suspended August 16, 2012, until the Supreme Court of Iowa enters an order reinstating the license. **See** Filing No. 21-1. The plaintiff's counsel is subject to suspension in this court. **See** NEGenR 1.8(e). The plaintiff has not elected to proceed pro se and no substitute counsel has entered an appearance on behalf of the plaintiff.

## ANALYSIS

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

**See** Fed. R. Civ. P. 4(m). The Eighth Circuit has long held dismissal for failure to prosecute is well within the court's discretion. **See** *Roberts v. Missouri Div. Of Employment*, 636 F.2d 249, 250 (8th Cir. 1980). Dismissal without prejudice is appropriate when service of the summons and complaint has not been made upon the defendant within 120 days after filing of the complaint. **See** Fed. R. Civ. P. 4(m); *Bullock v. United States*, 160 F.3d 441, 442 (8th Cir. 1998) (per curiam) (affirming district court's dismissal without prejudice under Rule 4(m)); **see also** *Carmona v. Ross*, 376 F.3d 829, 830 (8th Cir. 2004) (dismissal affirmed where plaintiff given opportunity, failed to cure defect).

2

Despite counsel's suspension, it remains the plaintiff's duty to go forward in prosecuting the case. Pursuant to NECivR 41.2: "At any time, a case not being prosecuted with reasonable diligence may be dismissed for lack of prosecution." Further, Fed. R. Civ. P. 4(m) establishes a 120-day time limit for service of process on the defendant in a civil case, absent a showing of good cause. The court allowed the plaintiff additional time to make a showing of good cause for the failure of timely service on the defendant State of Nebraska or show cause why the action should not be dismissed against such defendant. The plaintiff failed to make a good cause showing.

Furthermore, the court allowed the plaintiff additional time to file the amended complaint or show cause why sanctions should not be imposed for failure to comply with this court's orders to the extent allowed by Fed. R. Civ. P. 37. The plaintiff's failure to comply with this court's orders subjects the plaintiff to dismissal of the complaint. Similarly, a plaintiff's failure to prosecute his claims subjects the plaintiff to dismissal of the complaint. **See** NECivR 41.2. The Eighth Circuit has long held dismissal for failure to prosecute is well within the court's discretion. **See** *Roberts v. Missouri Div. Of Employment*, 636 F.2d 249, 250 (8th Cir. 1980). The court's discretion was later explained as follows:

> The Federal Rules of Civil Procedure permit dismissal with prejudice "[f]or failure of a plaintiff to prosecute or to comply with these rules or any order of court." Fed. R. Civ. P. 41(b). Despite the breadth of this language, however, we have recognized that dismissal with prejudice is an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay. This does not mean that the district court must find that the appellant acted in bad faith, but requires "only that he acted intentionally as opposed to accidentally or involuntarily."

*Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000) (citations omitted). The Eighth Circuit continued, noting the district court did not err in dismissing the action with prejudice after finding the plaintiff had "engaged in a persistent pattern of intentional delay by willfully disregarding court orders and violating the Federal Rules." *Hunt*, 203 F.3d at 527-28. However, the Eighth Circuit has also noted "[d]ismissal with prejudice is an extreme sanction and should be used only in cases of wilful disobedience of a court order

3

or . . . persistent failure to prosecute a complaint." *In re Popkin & Stern*, 196 F.3d 933, 938 (8th Cir. 1999) (citations omitted); **see** *Siems v. City of Minneapolis*, 560 F.3d 824, 826 (8th Cir. 2009). The court must initially consider "the egregiousness of the plaintiff's conduct" and, secondarily, "the adverse affect of the plaintiff's conduct on the defendant and on the administration of justice." *Otis v. Knudsen*, No. 05-489, 2008 WL 4949157, at *3 (D. Minn. Nov. 17, 2008) (**quoting** *Wright v. Sargent*, 869 F.2d 1175, 1176 (8th Cir. 1989)).

In this case, the plaintiff has failed to comply with the court order requiring him to file an amended complaint. Plaintiff's counsel has failed to maintain communication with the court and opposing counsel. The court is unable to contact the plaintiff. If the court and counsel are unable to communicate with the plaintiff, such failure will interfere with the orderly processes of this court. Such failure has already contributed to a delay in progressing this case to resolution.

Federal Rule of Civil Procedure 16(f) authorizes sanctions "[i]f a party . . . (a) fails to appear at a scheduling or other pretrial conference; . . . or (c) fails to obey a scheduling or other pretrial order." In such circumstances, "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)"[1] for sanctions. Additionally,

> Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses--including attorney's fees--incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f)(2). Similarly, Fed. R. Civ. P. 41(b) states: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

The sanctions associated with the plaintiff's failure to comply with a previous court order is harsh. Accordingly, the plaintiff was given an opportunity to show cause by filing a written response addressing his failures and why this litigation should not be adversely

---

[1] Relevant here, the sanctions may include: "(iii) striking pleadings in whole or in part; . . . [or] (v) dismissing the action or proceeding in whole or in part . . . ." Fed. R. Civ. P. 37(b)(2)(A).

4

resolved against him. The plaintiff failed to provide the court with any explanation for his failure to comply with the court order. Similarly, the plaintiff failed to comply with the court's order to show cause why the action should not be resolved against him. Counsel's suspension in August 16, 2012, is insufficient to provide good cause for the plaintiff's failure to prosecute this matter. The plaintiff, or more likely his counsel, has acted in a manner that interferes with the orderly processes of this court. The undersigned magistrate judge finds the plaintiff's failure to comply with the court's order in this action interferes with the orderly administration of justice. Upon consideration,

**IT IS RECOMMENDED TO CHIEF JUDGE JOSEPH F. BATAILLON that:**

1. The plaintiff's Complaint (Filing No. 1) be dismissed as to all defendants, without prejudice, pursuant to Fed. R. Civ. P. 4(m), NECivR 41.2, Fed. R. Civ. P. 37.

2. Counsel for the plaintiff shall file a notice of serving this Findings and Recommendation on the plaintiff and include the plaintiff's address in the notice.

**ADMONITION**

Pursuant to NECivR 72.2 any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 14th day of January, 2013.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge